**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL NO. SAG-24-045** |
| **SEDRIC CATCHINGS,** | |
| **Defendant.** | |

**CONSENT MOTION TO EXCLUDE TIME**
**PURSUANT TO THE SPEEDY TRIAL ACT**

The United States of America respectfully submits this Consent Motion to Exclude Time Pursuant to the Speedy Trial Act and moves to exclude time from the speedy trial calculation pursuant to 18 U.S.C. § 3161(h).

1.      On February 13, 2024, Sedric Catchings ("Defendant") was charged by Indictment with one count of Possession of Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1).

2.      On February 15, 2024, the Defendant had his initial appearance and consented to detention without prejudice, reserving the right to revisit detention at a later date.

3.      Defense requested and this Court approved a pre-plea investigation on April 26, 2024.

4.      The parties conducted a discovery conference in accordance with Rule 16.1 and Standing Order 2020-01 on April 29, 2024.

5.      The Government produced initial discovery on April 30, 2024.

6.      The parties received the pre-plea report on June 5, 2024.

7.      This Court referred the case to Magistrate Judge Aslan on October 9, 2024, for an attorney inquiry hearing.

8.	An attorney inquiring hearing took place on October 17, 2024. No change in representation was ordered at that time.

9.	The parties have conducted multiple rounds of plea discussions. The Government extended a formal plea agreement to the Defendant on April 9, 2025. The Government withdrew that plea agreement on May 1, 2025, after rejection by the Defendant. The parties continued plea discussions.

10.	On May 9, 2025, the Government contacted the Court and requested a scheduling order. A telephone conference was conducted on May 14, 2025, where a motions schedule was entered by the Court. ECF No. 34.

11.	A superseding indictment was returned by the Grand Jury on May 28, 2025, adding the two firearms the Defendant possessed to Count One of the original indictment, which only charged the ammunition contained in those firearms. ECF No. 35.

12.	The Government produced additional discovery and expert notification pursuant to Rule 16(a)(1)(G) to the Defendant on June 11, 2025.

13.	On June 13, 2025, the Defendant filed a second motion seeking dismissal of CJA appointed counsel. ECF No. 38. The Court referred the motion that same day to Magistrate Judge Aslan for an attorney inquiry hearing. ECF No. 39.

14.	A second attorney inquiry hearing took place on June 23, 2025. At the conclusion of that hearing, defense counsel was discharged.

15.	On June 25, 2025, new defense counsel was appointed. ECF No. 43.

16.	The Government spoke with new defense counsel on June 26, 2025, about the briefing schedule and motions hearing that was in place at the time. The parties filed a request to

2

vacate the briefing schedule but keep the motions hearing on October 16, 2025, that was granted by this Court on June 30, 2025. ECF No. 45.

17. The Government reproduced discovery to new defense counsel on July 3, 2025.

18. The parties continued plea discussions and updated the Court on the status of the case at a telephone conference on September 26, 2025.

19. The parties continued plea discussions, and the Government produced another formal plea agreement to the Defendant on October 28, 2025.

20. That same day, at the Government's request, the Court and the parties had a telephone conference to set a new trial schedule. A motions hearing was set for March 9, 2026, and a trial date was set for May 5, 2026. ECF No. 47.

21. The Defendant filed a motion to suppress evidence on December 13, 2025, and the Government responded in opposition. ECF Nos. 48-49. That motion is still pending before this Court.

22. On February 18, 2026, this Court vacated the scheduling order in this case. ECF No. 58.

23. The Government has proposed tolling the speedy trial clock to allow additional time for a number of reasons, including delay resulting from other proceedings and in the interests of justice. 18 U.S.C. §§ 3161(h)(1), (h)(7)(A).

24. 18 U.S.C. § 3161(h)(7)(A) provides support for the sought exclusion of time. It specifically excludes from the speedy trial time requirements "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel, or at the request of the attorney or the Government, if the judge granted such continuance on the basis of his findings that

the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

26. "Plea negotiations are not automatically excluded as 'other proceedings.'" *United States v. Hart*, 91 F.4th 732, 738 (4th Cir. 2024). However, "[u]nder the Act, a court may exclude a period of delay if two things happen: (1) the 'judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial'; and (2) 'the court sets forth, in the record of the case, either orally or in writing, its reasons for [the] finding[s]." *Id*. (citations omitted).

26. Here, the Government asks that the period from **May 5, 2026, through July 5, 2026**, be excluded from computation under the Speedy Trial Act. Such an exclusion serves the interests of justice and outweighs the interests of the public and Defendant in a speedy trial. The exclusion provides additional time for other proceedings, for the preparation and litigation of pretrial motions, for trial preparation, and for the parties to continue plea discussions.

27. A proposed Order for the Court's consideration is attached.

Respectfully submitted,

Kelly O. Hayes
United States Attorney


By: _____ /S/ _____
James I. Hammond
Assistant United States Attorney
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201